**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

EUGENE R. DANIELS,
          *Plaintiff-Appellant,*

v.

H. MOORE, Lieutenant; M. BROWN,
Correctional Officer; A. SMITH,
Correctional Officer; SCOTT
JOHNSON, Grievance Clerk,
          *Defendants-Appellees.*

No. 02-6624

Appeal from the United States District Court
for the District of South Carolina, at Charleston.
Margaret B. Seymour, District Judge.
(CA-01-583-9)

Submitted: May 30, 2002

Decided: June 19, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

**COUNSEL**

Eugene R. Daniels, Appellant Pro Se. Robert Thomas King, Jay Hupfer, WILLCOX, BUYCK & WILLIAMS, P.A., Florence, South Carolina, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Eugene R. Daniels appeals from the district court's order dismissing without prejudice his 42 U.S.C.A. § 1983 (West Supp. 2001) complaint for failure to exhaust administrative remedies. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust administrative remedies before filing a § 1983 action concerning his confinement. 42 U.S.C.A. § 1997e(a) (West Supp. 2001). In *Booth v. Churner*, 532 U.S. 731 (2001), the Supreme Court held that the PLRA requires a prisoner to exhaust administrative remedies regarding his excessive force claims, even if the prisoner seeks only money damages and such relief is not available under the administrative process. *Id.* at 741. More recently, in *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983 (2002), the Supreme Court held that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. 534 U.S. at ___, 122 S. Ct. at 992.

There is evidence in the record that Daniels pursued administrative remedies and it is not clear from the district court's opinion whether the district court considered this evidence. Therefore, although we express no opinion as to whether Daniels in fact has demonstrated exhaustion of administrative remedies, we vacate the district court's order dismissing the action without prejudice and remand to enable the district court to make such a determination. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*